**WESTVILLE UTILITY AUTHORITY,**
Appellee,

v.

**James M. BENNETT, Jr. and Coleen A. Bennett, his wife; and Rural Water and Sewer District No. 5, Adair County, Oklahoma, Appellants.**

Nos. 83767, 83790.

Court of Appeals of Oklahoma,
Division No. 1.

May 2, 1995.

Rehearing Denied June 6, 1995.

Certiorari Denied Sept. 14, 1995.

Rex Earl Starr, Stilwell, for Appellants.

Lloyd E. Cole, Jr., Stilwell, for Appellee.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

Appellants, Rural Water and Sewer District No. 5 and James and Coleen Bennett, appeal an order granting summary judgment to Appellee, Westville Utility Authority, who sought a declaratory judgment and injunctive relief.[1] Although we find the reasoning of the trial court faulty, we nevertheless affirm the judgment below in part.

### FACTUAL SUMMARY

The Bennetts own a commercial laundromat in Westville, Oklahoma. Until April, 1992, the Bennetts received water for their business from the Westville Utility Authority,[2] a public trust created in 1964 pursuant to 60 O.S. § 176 et seq. for the use and benefit of the town of Westville to provide water and other services. Rural Water and Sewer District No. 5 (Rural Water District), an Oklahoma Corporation, was enacted in 1986 under provisions of the Rural Water, Sewer, Gas and Solid Waste Management Districts Act. 82 O.S.1981 § 1301 et seq.

In April, 1992, the Bennetts connected their laundromat's water line to a rural water district meter that had been placed nearby, but outside the city limits of Westville.[3] They quit using Westville Utility Authority water because of alleged supply and quality problems. In November, 1992, Westville Utility Authority sued the Bennetts and the Rural Water District seeking a declaratory judgment that it had the exclusive right to furnish water within its corporate limits. The Utility Authority also sought a permanent injunction to prohibit the Rural Water District from furnishing, and to prohibit the Bennetts from using Rural District Water.

Westville Utility Authority's motion for summary judgment contends the Rural Water District was without legal authority to provide water for the Bennetts' business because (1) the business is within the city limits of a municipal corporation; (2) the annexation of additional territory by the Rural Water District in 1990 was invalid because a

1. Both Appellants initiated appeals. Their respective appeals were consolidated under the surviving number 83,767.

2. The Bennetts live outside the Westville city limits and receive water there from Appellant, Rural Water District.

3. In May, 1990, the Rural Water District annexed additional territory, including an additional small area within the city limits where the Bennetts' business establishment is located. Annexations are permitted under 82 O.S. § 1324.13. The rural water district meter to which the Bennetts connected was within the territory of the Rural Water District.

part of the annexed territory was within the city limits of Westville; and, (3) the Utility Authority has the exclusive right to furnish water to premises within the city limits. Appellants denied these allegations.

In its Journal Entry of Judgment, the trial court made specific findings and conclusions on these issues. The trial court found that the Rural Water District was only permitted to provide water to areas "outside the corporate limits of any municipal corporation"; that the Rural Water District annexation in 1990 "was invalid for the reason that portions of ... [the annexed territory were] then within the corporate limits of the Town"; and that the Utility Authority "has the exclusive right to furnish water to occupants within the premises within the corporate limits". As authority for its conclusions that the Utility Authority had the exclusive right to provide water for the Bennetts' laundromat, the trial court cited the 10th Circuit case of *Glenpool Utility Services Authority v. Creek Co. Rural Water District No. 2 et al.*, 861 F.2d 1211 (10th Cir.1988). In addition to the above, the trial court found that it was "undisputed by the parties ... that the Rural Water District No. 5 in concert with the defendants, James M. Bennett, Jr. and Coleen A. Bennett, his wife, are knowingly furnishing water within the corporate limits of the Town of Westville, Oklahoma."

## STANDARD OF REVIEW

 In reviewing a grant of summary judgment, this Court has a duty to insure that the motion is meritorious. *State ex rel. Macy v. Thirty Thousand Seven Hundred Eighty One Dollars & No/100*, 865 P.2d 1262, 1263–1264 (Okla.App.1993). We will review the pleadings and evidentiary materials submitted to the trial court and view all the inferences and conclusions that can be drawn therefrom in the light most favorable to Appellants. *Johnson v. Mid–South Sports, Inc.*, 806 P.2d 1107 (Okla.1991). We must reverse the grant of summary judgment if the materials submitted to the trial court indicate that a substantial controversy exists

as to any material fact. *Id.* at 1108. Furthermore, we may substitute our analysis for that of the trial court and may render the judgment the trial court should have rendered. *Loffland Brothers Company v. C.A. Overstreet*, 758 P.2d 813, 817 (Okla.1988).

## EXCLUSIVE RIGHTS OF WESTVILLE UTILITY AUTHORITY

 The trial court specifically found and concluded as a matter of law that Westville Utility Authority had the exclusive right to provide water within the city limits and in support thereof cited *Glenpool Utility Services Authority,* supra. A review of the record, however, finds no evidence in support of such finding. Further, the legal authority cited does not so hold or stand for that proposition.[4] In fact, municipalities are constitutionally forbidden from granting exclusive franchises. OKLA. CONST. ART. XVII, § 7. It is similarly unconstitutional where a city has leased its own utility to a public trust and has attempted therein to prevent the franchising of competing utilities. *Meder v. City of Oklahoma City*, 350 P.2d 916, 923 (Okla.1960). A franchise is not even required for a utility company to operate its business within a municipality unless that business requires use of the public streets or other public ways. *O.G. & E. v. Total Energy, Inc.*, 499 P.2d 917, 922 (Okla.1972). Although nothing prohibits a municipality from granting competing franchises, a competing water provider even without a franchise generally could sell water to customers within a municipality so long as it did not use the public ways.

The facts do not establish, and the law in fact prohibits an exclusive agreement or right on the part of the Westville Utility Authority to provide water for customers within the city limits. To the extent the judgment below held that the Utility Authority had the exclusive right to provide water within the city limits, it is in error. The order is also in error to the extent it purports to enjoin the Bennetts from seeking alternative sources of water.

4. *Glenpool* holds that federally indebted water associations are protected from the encroachment of municipal corporations or other competing franchises which might curtail or limit the service provided by the association.

## RIGHT OF THE RURAL WATER DISTRICT TO PROVIDE WATER

Although the Westville Utility Authority does not have the exclusive right to provide water, that does not also mean the Rural Water District may legally sell water to whomever, and wherever, it chooses. The Rural Water District is a creature of statute and its rights are set forth therein. See, 82 O.S. § 1301 et seq.

The statutory purpose of such a district is "for developing and providing an adequate rural water supply ... to serve and meet the needs of rural residents within the territory of the district." 82 O.S.1991 § 1324.3. "Rural resident" is defined in § 1324.2 as:

"... any natural person, firm, partnership, association, corporation, business trust, federal agency, state agency, state or political subdivision thereof, municipality of ten thousand (10,000) persons or less, or any other legal entity, owning or having an interest in lands within the rural area located within the boundaries of the district;".

Section 1324.2 also defines "rural area" as: "... any area lying outside the corporate limits of any municipal corporation and includes any areas of open country, unincorporated communities, and, with the consent of the governing body thereof by ordinance duly adopted, may include the area within the corporate limits of any municipality having a population of less than ten thousand (10,000) persons ... when said municipality is one of the petitioners for creation of a district or for the annexation of additional territory as provided by Section 1324.13 of this title;".

■ The laundromat, being within the city limits, was not within the territory of the Rural Water District. Presumably that is why the Rural Water District did not run its line directly to the laundromat and install its meter there. That it could not have done. It is argued, however, that by installing its meter across the property line and within the district's territory, its customers, the Bennetts, were free to pipe the water into the city limits to their laundromat. We are not impressed with this argument. The Rural Water District, with the Bennetts' help and cooperation, was attempting to do indirectly what it could not do directly. The trial court did not err in enjoining the water district from providing water for the Bennetts' laundromat. As explained, however, that relief is properly based, not on an exclusive right of the Westville Utility Authority to provide water, but rather on the Rural Water District exceeding its authority by providing water service to an area outside its territorial limits.

## 1990 ANNEXATION BY RURAL WATER DISTRICT

■ The trial court also held invalid the Rural Water District annexation in 1990 which included an area within the city limits where the Bennetts' laundromat was located. A municipality [or parts thereof] may be annexed by Rural Water District, but only pursuant to the requirements of 82 O.S.1991 §§ 1324.13 and 1324.2. Section 1324.2 allows such annexation where the municipality is one of the petitioners for the annexation and it is "with the consent of the governing body thereof by ordinance duly adopted". Because those statutory prerequisites were not met, to the extent the annexation included any property within the city limits, it was invalid. This ruling does not affect the annexation insofar as other annexed areas are concerned.

## FEDERAL LAW NOT APPLICABLE

A remaining argument presented by Appellants that should be addressed is that federal law prohibits the Westville Utility Authority from competing with and thereby limiting the service provided by Rural Water District. See, e.g. *Glenpool Utility Services Authority v. Creek County Rural Water Dist. No. 2,* supra. This argument is misapplied. It requires an encroachment by the Westville Utility Authority into the territory of the Rural Water District. If anything, the reverse is true here making the federal authority inapplicable.

## CONCLUSION

This decision should not be construed as foreclosing the Bennetts' rights, if, as they allege, the Utility Authority is not meeting its obligations to provide adequate and suitable water for their needs. Clearly, there was a question of fact as to this issue that may still be unresolved, but Bennetts sought no relief on the basis of failure to provide adequate and suitable water. The existence of that dispute, however, does not preclude the granting of summary judgment in this case.

Consistent with this decision, the Journal Entry of Judgment rendered below is vacated. Summary judgment was properly granted, however, to the extent it enjoins Appellant, Rural Water District, from providing water to the Bennetts' laundromat and to the extent it declares invalid the Rural Water District annexation of land within the city limits of Westville. The trial court's determination that Westville Utility Authority had the exclusive right to provide water service within the city limits is reversed.

AFFIRMED IN PART, REVERSED IN PART.

HANSEN, P.J. and JOPLIN, J., concur.